CV31921
Stephens County - District Clerk

Filed: 5/2/2017 5:16:12 PM
Christie Coapland
District Clerk
Stephens County, Texas
Rhonda Peacock

CAUSE NO. CV31921

| | | |
|---|---|---|
| RICHARD KILLION | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | STEPHENS COUNTY, TEXAS |
| NATIONAL GENERAL INSURANCE | § | |
| COMPANY | § | 90th JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, DISCOVERY AND REQUEST FOR DISCLOSURE

Plaintiff RICHARD KILLION files this Plaintiff's Original Petition, Discovery and Request for Disclosure against Defendant NATIONAL GENERAL INSURANCE COMPANY and would show the Court the following:

#### 1. DISCOVERY

1.1 This is a Level 1 Discovery case pursuant to rule 190.2 (Level 1) of the Texas Rule of Civil Procedure.

1.2 Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs state that they seek less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

#### 2. PARTIES

2.1 RICHARD KILLION ("KILLION" or BUYER) is an individual who resides in STEPHENS County, Texas.

2.2 Defendant NATIONAL GENERAL INSURANCE COMPANY ("NATIONAL GENERAL INSURANCE") is an insurance company licensed to do business in Texas that may be served with citation by and through any officer at its principal place of business at 13736 Riverport Drive, ste 800, Maryland Heights, MO 63043-4829 or its registered agent Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701-3218.



DEFENDANT'S EXHIBIT C-1

### 3. JURISDICTION AND VENUE

3.1 Jurisdiction is proper in the District Court because the amount in controversy exceeds the minimum jurisdictional limits of this court but does not exceed the maximum amounts of the jurisdiction of this Court.

3.2 Venue is proper in STEPHENS County, Texas because the transaction that forms the basis of the complaint occurred in STEPHENS County, Texas.

### 4. FACTS

4.1 RICHARD KILLION ("KILLION") owns a 2013 Allegro Phaeton ("the RV") which is insured by a Good Sam Vehicle Insurance Plan underwritten by NATIONAL GENERAL INSURANCE COMPANY ("NATIONAL GENERAL INSURANCE") of Winston Salem, NC. At all times relevant to the claims of this lawsuit, KILLION and the RV were insured by a policy of NATIONAL GENERAL INSURANCE.

4.2 Sometime prior to August 2016 KILLION was traveling between Colorado and Montana when he ran over a blown tire carcass in the roadway. He felt the thump of the impact and stopped at the next exit to inspect the RV. Other than a mangled mud flap and damage to a taillight, nothing appeared to be damaged and all gauges of the RV operated in a normal range.

4.3 In early August 2016, KILLION was returning to Texas from Montana in the RV when the check engine light came on and then the engine turned off and coasted to a stop. KILLION had the RV towed to Floyd's Truck Center, the nearest repair location in Cheyenne, Wyoming.

4.4 The RV was still under the manufacturer warranty for Freightliner chassis and the Cummins engine so he expected the repair to be paid by warranty. However, the repair facility said that the engine stopped because sand and grit had bypassed the

air filter, and entered and damaged the engine. On closer inspection, the air filter and housing had been damaged which broke the air filter seal. That allowed the contaminants to enter and harm the diesel engine.

4.5 The Floyd's repair facility refused to repair the RV based upon its claim of a failure of maintenance by KILLION. The lack of cooperation by Floyd's and the refusal of the manufacturer to pay for the warranty repairs necessitated KILLION to hire and send Wayne Marsden, a vehicle damage appraiser to Cheyenne Wyoming.

4.6 An inspection conducted by Inspector Wayne Marsden showed that there were other marks in the under carriage area near the air filter canister from the blown tire carcass that was in the middle of the road that the RV unavoidably ran over.

4.7 Marsden determined that the tire carcass had hit the air filter, breaking its seal. That damage was a covered event under KILLION's insurance policy with NATIONAL GENERAL INSURANCE.

4.8 KILLION made claim to NATIONAL GENERAL INSURANCE to pay for the resulting damage to the engine and body of the Vehicle. Upon information and belief, Good Sam conducted an inspection and denied the engine damage claim. No explanation was given except that Good Sam denied that the damage resulted from a covered event.

4.9 Later, the Floyd's repair shop in Wyoming, while making the extensive repairs to the engine noticed significant structural damage to the RV from running over the tire carcass. It estimated the damage at over $22,820.24. KILLION made and additional damage claim to NATIONAL GENERAL INSURANCE.

4.10 NATIONAL GENERAL INSURANCE denied both claims although it did offer to pay $2,500.00 on the body damage claim, not the Floyd's estimated damage of more than $20,000.00.

4.11  KILLION has been damaged as follows:

| | |
|---|---|
| Repair Costs- Engine includes towing | $25,445.20 |
| Estimated Body Damage Claims | $22,820.24 |
| Credit for small payment from Good Sam | $ 2,000.00 |
| Insurance Charges since January 2014 -- about $70 per month continuing | $ 560.00 |
| Loss of Use of the Vehicle ( September 6, 2017 (estimated completion date from delivery to Floyd's to March 8, 2017 186 days @ $250.00 continuing) | $46,500.00 |
| Additional depreciation for sale based upon delay in settlement of claim | $8,000.00 |

KILLION also incurred attorney's fees.

## 5. DECEPTIVE TRADE PRACTICES ACT

5.1  Plaintiff realleges and incorporates the paragraphs above.

5.2  This suit is brought by Plaintiff pursuant to the Texas Business and Commerce Code Section 17.41 et. seq., commonly known as the Deceptive Trade Practices and Consumer Protection Act (DTPA). Plaintiff alleges that the acts and practices of Defendant NATIONAL GENERAL INSURANCE are prohibited by the DTPA.

5.3  **Notice.** Written notice of the claim has been provided to the Defendant.

5.4  At all material times herein, Plaintiff was a "consumer" and the Defendant had engaged in conduct more fully set forth which constitutes "trade or commerce" as those terms are defined in Section 17.45 of the DTPA.

5.5  Pursuant to Section 17.50 of the DTPA, Plaintiff is entitled to such other and further relief as provided under Section 17.50 of the DTPA, including the award of treble damages.

5.6  Defendant NATIONAL GENERAL INSURANCE violated Section 17.46(b) of the DTPA through its representations about its insurance policy in at least the following particulars:

>*(2)    causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;*
>*(3)    causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;*
>*(5)    representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;*
>*(7)    representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;*
>*(12)   representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;*
>*(19)   representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve, provided, however, that nothing in this subchapter shall be construed to expand the implied warranty of merchantability as defined in Sections 2.314 through 2.318 and Sections 2A.212 through 2A.216 of the Business and Commerce Code to involve obligations in excess of those which are appropriate to the goods; and*
>*(24)   the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.*

5.7    **Economic Damages.** The conduct of the Defendant was a producing cause of economic damages incurred by Plaintiff. Specifically, Plaintiff is entitled to recover the damages described above.

5.8    **Knowing conduct.** The conduct of the Defendant was committed knowingly because, at the time of the acts and practices complained of: (1) Defendants had actual awareness of the falsity, deception, or unfairness of the acts or practices giving rise to Plaintiff's claim; and (2) Defendants had actual awareness of the act, practice, condition, defect, or failure constituting the breach of warranty.

5.9    **Intentional Conduct.** Alternatively, and without waiving the foregoing, The conduct of the Defendant was intentional because, at the time the acts and practices complained of: (1) Defendant had actual awareness of the falsity, deception, or unfairness of the act for practice and acted with a specific intent that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness; and (2) Defendant had actual awareness of the condition, defect, or failure constituting the breach

of warranty giving rise to Plaintiff's claim and acted with a specific intent that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

5.10 **Additional damages.** Because the Defendant acted knowingly and intentionally, Plaintiff is entitled to recover additional damages under section 17.50(b)(1) of the Deceptive Trade Practices Act.

5.11 **Attorney's Fees.** Plaintiff is entitled to recover reasonable and necessary attorney fees under section 17.50 (d) of the DTPA.

### 6.
### CAUSES OF ACTION AGAINST NATIONAL GENERAL INSURANCE - BREACH OF CONTRACT

6.1 Plaintiff incorporates the paragraphs above.

6.2 Alternatively and without waiving the foregoing complaints, Defendant NATIONAL GENERAL INSURANCE's conduct constitutes a breach of the insurance contract made between NATIONAL GENERAL INSURANCE and Plaintiff.

6.3. Defendant NATIONAL GENERAL INSURANCE's' failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of NATIONAL GENERAL INSURANCE's insurance contract with Plaintiff.

### 7. TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

7.1 Plaintiff incorporates the paragraphs above.

7.2 Alternatively and without waiving the foregoing complaints, Defendant NATIONAL GENERAL INSURANCE's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(A). Violations under this article are made actionable by TEX. INS. CODE § 541.151.

7.3     Defendant NATIONAL GENERAL INSURANCE's unfair settlement practice, described above, of misrepresenting to Plaintiff material facts relating to the coverage issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(11).

7.4     Defendant NATIONAL GENERAL INSURANCE's unfair claims settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though NATIONAL GENERAL INSURANCE's liability under the Policy was reasonably clear, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(20A). Based on the information which KILLION was able to obtain from the filling station and its owner, it is abundantly clear that NATIONAL GENERAL INSURANCE has denied the Insured's claim when it should have known that coverage was reasonably clear.

7.5     Defendant NATIONAL GENERAL INSURANCE's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(7).

7.6     **Prompt Payment of Claims.** Defendant NATIONAL GENERAL INSURANCE's conduct covers multiple violations of the Texas Insurance Code, Prompt Payment of Claims Actions made under this article are made actionable by TEX. INS. CODE § 542.060.

7.7     Defendant NATIONAL GENERAL INSURANCE's delay of the payment of Plaintiff's claim following receipt of all items, statements, and forms reasonably

requested and required, the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE § 542.058.

## 8. ATTORNEY'S FEES

8.1  Plaintiff incorporates by reference the paragraphs above.

8.2  Plaintiff is entitled to recover attorney's fees pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code and Section 17.46 of the DTPA.

8.3  All conditions precedent to Plaintiff's recovery have been performed or have occurred and Defendants have failed and refused to perform pursuant to that demand.

## 9. REQUEST FOR DISCLOSURE

9.1  Pursuant to Rules 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose, within 50 days of this request, the information or material described in Rule 194.2 and all subparts.

9.2  Also attached is Discovery to the Defendant.

**WHEREFORE,** Plaintiff KILLION requests that Defendants named herein be cited to appear and answer herein, that Plaintiff recover its actual damages, statutory damages, exemplary damages, pre and post judgment interest, attorney's fees, costs of Court and such other and further relief to which it may show itself to be entitled.

Respectfully submitted,

ASCHERMANN LAW

_/s/ Mark L. Aschermann_
Mark L. Aschermann
SBN 01368700
6300 West Loop South, Suite 341
Bellaire, Texas 77401
(713) 942-0808 Telephone
(713) 942-0449 Facsimile
mark@aschermannlaw.com

*ATTORNEY FOR PLAINTIFFS*

CAUSE NO. cv31921

| | | |
|---|---|---|
| **RICHARD KILLION** | § | IN THE DISTRICT COURT OF |
| | § | |
| **VS.** | § | |
| | § | STEPHENS COUNTY, TEXAS |
| **NATIONAL GENERAL INSURANCE** | § | |
| **COMPANY** | § | 90th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION

**TO:** Defendant NATIONAL GENERAL INSURANCE COMPANY, by and through service of citation of the Plaintiff's Original Petition.

Pursuant to Rule 196, 197 and 198 of the Texas Rules of Civil Procedure the Plaintiff, RICHARD KILLION, requests that Defendant NATIONAL GENERAL INSURANCE COMPANY serve the undersigned with responses to the Request for Production, Interrogatories and Requests for Admission set forth below. Plaintiff hereby requests that the documents described below shall be produced by you, for inspection and copying, at the office of the undersigned attorney fifty (50) days after the date of receipt of this Request by you.

Respectfully submitted,

ASCHERMANN LAW

_/s/ Mark L. Aschermann_
Mark L. Aschermann
State Bar No. 01368700
6300 West Loop South, Suite 280
Bellaire, Texas 77401
(713) 942-0808 Telephone
(713) 942-0449 Facsimile
mark@aschermannlaw.com

*ATTORNEY FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was served to the defendant with a copy of the Plaintiff's Original Petition.

_/s/ Mark L. Aschermann_
Mark L. Aschermann

## DEFINITIONS

1. "You," "Your," "NATIONAL GENERAL INSURANCE ," or "insurer" means the defendant NATIONAL GENERAL INSURANCE COMPANY and also all representatives acting or purporting to act on behalf of said defendant with respect to any matter inquired about in these Interrogatories, including, but not limited to, all such employees, consultants, sureties, indemnitor, insurers or agents, but does not include the attorneys of the Defendant or experts hired or retained purely for purposes of consultation and whose work product and/or opinions have not been reviewed by a testifying expert.
2. "Plaintiff" or "KILLION" means RICHARD KILLION.
3. "Policy" means that certain Retail Installment Policy between NATIONAL GENERAL INSURANCE , as Insurer, and KILLION, as Insured.
4. "RV" means that certain 2013 Allegro Phaeton as further described in the Policy.
5. "Claim" means any insurance claim filed with YOU by KILLION pursuant to the Policy for any damage done to the RV.
6. "Documents" means all written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, of every type and description that is or has been in your possession, control or custody, or of which you have knowledge, including, but not limited to financial statements, reports to or from or filings; with any person or entity (including, but not limited to governmental regulatory entities), transcriptions of any conversation or testimony, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, films, microfilms, voice recordings, reports, recommendations, minutes, statistical computations, telegrams, telex messages, listing of telephone calls, books of account, work papers, ledgers, financial and business records, Policys, agreements, assignments, loan files, draws, expense records, leases, deeds, conveyances, bills of sale, promissory notes, pledges, collateral agreements, security agreements, appraisals, analyses and computer records (translated if necessary by you through detection devices into reasonably usable form), every draft of each such document, and every copy of each such document where copy contains any commentary or notation that does not appear on the original of other copy.
7. "Identify" with respect to any "document" means to provide the following information, even though the document is deemed to be privileged or subject to a claim of privilege:
   a. The title or other means of identification of each such document;
   b. The date of each such document;
   c. The author of each such document, including his name, address, telephone number and employer, if any;
   d. The recipient or recipients of each such document, and for each recipient listed, include his name, address, telephone number, employer, if any, and date of receipt of each such document;
   e. The present location of each such document in the care, custody or control of Defendant;
   f. The names, addresses and telephone numbers of any and all persons who have custody or control of each such document;
   g. Whether Defendant claims any privilege with respect to each such document, and if so, the factual and legal basis for the alleged privilege.
8. With respect to any "person" or "entity" means to provide the following information:

       a. His or her full name;
       b. Residential and business address;
       c. Telephone number; and
       d. Employer, if any.
9. With respect to any "corporation" requires you to provide the following information:
       a. Its full corporation name and any names under which it does business;
       b. Its state of incorporation;
       c. The address of its principal place of business;
       d. The address of all of its officers; and
       e. The name and address of its Registered Agent.
10. With respect to any "business" requires you to provide the following information:
       a. Its full name or style under which the business is conducted;
       b. Its business address or addresses;
       c. The type of business in which it is engaged;
       d. The geographical areas in which it conducts it business;
       e. The identity of the person or persons who own, operate, and control the business.
11. "All documents" means every document, whether an original or copy as above defined, known to you and every such document which can be located or discovered by reasonable diligent efforts.
12. The conjunctions "and" and "or" are interchangeable and the meaning is always "and/or".
13. "Possession, custody or control" of documents means possession, custody or control by each person to whom the request is directed including that person's attorneys at any time up to and including these proceedings.
14. Terms in the singular include the plural and masculine gender includes the feminine and vice versa.
15. "Included" means "including, but not limited to."
16. "Communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including correspondence, conversations, dialogues, discussions, interviews, consultation, agreements and other understandings, among two or more persons.

## INTERROGATORIES

1. What is the name, business address, employer, and title/position of every person who is providing the answers to these questions?

RESPONSE:


2. If you contend that the defects of the RV were caused by any act or omission of the Plaintiffs, please describe such act or omission and the date(s) of the act or omission.

RESPONSE:


4. Please identify any witness that you expect to call at any trial or hearing of this matter.

RESPONSE:

5. If you hired any person who was not your employee to inspect the RV or prepare an estimate of damage to the RV, identify the person who prepared such estimate, and state the compensation you paid them for that service.

RESPONSE:

## REQUESTS FOR PRODUCTION

1. Your claims file from any insurance claim filed with you by KILLION related to the RV.

RESPONSE:

2. If not produced in response to Request 1, any estimate of the damages to the RV prepared in the investigation of any claim, including any photographs and any notes of the person who made the estimate or adjustment.

RESPONSE:

3. Any non-privileged correspondence with any other party to the litigation, including Plaintiffs, regarding the RV.

RESPONSE:

4. A copy of every warranty or extended warranty or service Policy the insurer made on the RV.

RESPONSE:

5. If you plead a defense of good faith, provide each document which supports your claim that you denied the claim(s) in good faith.

RESPONSE:

6. All documents, exhibits, evidence, or any other thing which the insurer intends to rely upon or otherwise introduce into evidence at any arbitration hearing, trial, or other hearing in this case, whether or not the insurer intends to or plans or anticipates it may show such matter to the Court or Judge or jury or any witness, and which is not otherwise specifically requested to be produced herein.

RESPONSE:

7. A copy of any document which supports any contention that any type or amount of damage claimed by the Plaintiffs is not reasonable and/or necessary or customary.

RESPONSE:

8. Each and every photograph, motion picture, videotape, or other photographic reproduction made in connection with the investigation of this lawsuit.

RESPONSE:

**CERTIFIED MAIL**

7015 1520 0002 5022 2785



$7.71 US POSTAGE
4 OZ FIRST-CLASS FLATS RATE
062S0008209483
FROM 77401
stamps.com
05/03/2017

## USPS FIRST CLASS MAIL®

Aschermann Law
6300 West Loop South ste 280
Bellaire TX 77401

C015

**SHIP TO:** National General Insurance Company
Through its registered agent
Corporation Service Company
211 E 7th Street, ste 620
Austin TX 78701-3218

USPS CERTIFIED MAIL™

9414 7118 9956 4728 3024 48

**Killion**





CORPORATION SERVICE COMPANY'

## Notice of Service of Process

null / ALL
Transmittal Number: 16609654
Date Processed: 05/09/2017

| | |
|---|---|
| **Primary Contact:** | Victoria Page<br>National General/GMAC Insurance Management Corporation<br>5630 University Parkway<br>Winston - Salem, NC 27105 |
| **Electronic copy provided to:** | Sally Hall<br>Lori Marsh<br>Michael Kennedy |
| **Entity:** | National General Insurance Company<br>Entity ID Number 2954771 |
| **Entity Served:** | National General Insurance Company |
| **Title of Action:** | Richard Killion vs. National General Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Stephens County District Court, Texas |
| **Case/Reference No:** | CV31921 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/08/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Mark L. Aschermann<br>713-942-0808 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

# ASCHERMANN LAW

**MARK L. ASCHERMANN**
BOARD CERTIFIED IN CONSUMER AND COMMERCIAL LAW BY THE TEXAS BOARD OF LEGAL SPECIALIZATION

6300 WEST LOOP SOUTH, SUITE 280 ✦ BELLAIRE, TEXAS 77401
TEL (713) 942-0808 ✦ FAX (713) 942-0449
MARK@ASCHERMANNLAW.COM

May 3, 2017

National General Insurance Company
Through its registered agent
Corporation Service Company
211 E 7th Street, ste 620
Austin, Texas 78701-3218
***VIA CMRRR***

Re:  No. CV31921, *Richard Killion vs National General Insurance Company* in the 90th Judicial District Court of Stephens County, Texas

Dear Sirs,

Please find enclosed the Citation to National General Insurance Company. Please call if you have any questions and return the citation if you are no longer the registered agent.

Sincerely,

Mark L. Aschermann